IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:18-cr-03042-02-SRB |
| | ) |
| LUCIAN ROBINSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Lucian Robinson's *pro se* Exigent and Emergent Motion for Reduction in Sentence under 18 U.S.C. § 3582 (Doc. #212) and *pro se* Motion for Appointment of Counsel (Doc. #213). Defendant argues he should be granted a sentence reduction or assignment to home confinement in light of the COVID-19 pandemic. Defendant argues that his age (62), high blood pressure, pre-diabetes, family history of health issues, and general prison conditions put him at risk for contracting COVID-19.[1] Defendant argues that he has exhausted administrative remedies. Defendant also requests appointment of counsel to represent him on the motion for sentence modification. The Government opposes the motions, arguing Defendant has not exhausted administrative remedies and fails to demonstrate extraordinary and compelling circumstances that warrant a sentence reduction or modification.

The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf*

---

[1] The Court notes Defendant has provided no evidence of his medical conditions.

> *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A) (emphasis added). Even assuming Defendant exhausted administrative remedies, the Court finds no extraordinary and compelling reason to reduce or modify Defendant's sentence. While the Court is sensitive to the extraordinary magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age and apparent health conditions do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction or modification.

Accordingly, it is **ORDERED** that Defendant Lucian Robinson's *pro se* Exigent and Emergent Motion for Reduction in Sentence under 18 U.S.C. § 3582 (Doc. #212) and *pro se* Motion for Appointment of Counsel (Doc. #213) are DENIED.

**IT IS SO ORDERED.**

DATED: June 18, 2020                     /s/ Stephen R. Bough
                                         STEPHEN R. BOUGH, JUDGE
                                         UNITED STATES DISTRICT COURT